**GRAND COUNTY, Plaintiff and Appellee,**

v.

**EMERY COUNTY and the City of Green River, Defendants and Appellants.**

No. 981551.

Supreme Court of Utah.

Oct. 13, 1998.

W. Scott Barrett, Logan, for Grand County.

David A. Blackwell, Castle Dale, for Emery County.

Gerald H. Kinghorn, Paige Bigelow, Salt Lake City, for City of Green River.

*Health Services Corp.,* 604 P.2d 474, 476 (Utah 1979) (setting forth duty of care owed by a physician to his patient).

DURHAM, Associate Chief Justice:

Emery County and the City of Green River appeal from the district court's order declaring Utah Code Ann. § 17–2–6(2) unconstitutional pursuant to article XI, section 3 of the Utah Constitution, which provides that county boundaries can be altered "only under such conditions as may be prescribed by a general law." The statute in question provides an alternative method for a county to annex a municipality that straddles a county line and extends into an adjoining county, where the county line was "originally defined by a stream, river, or body of water." Utah Code Ann. § 17–2–6(2)(a)(i)(B) (Supp.1998). The district court concluded that the legislature had created an irrational distinction by applying the alternative method only to those cities straddling county lines defined by a body of water. The court found that the legislature had created an unconstitutional special law applicable only to Green River.

 The constitutionality of a statute is a question of law which we review without deference to the district court. *Board of Comm'rs of the Utah State Bar v. Petersen,* 937 P.2d 1263, 1266 (Utah 1997).

 A law is general in nature when it applies equally to all persons in a class founded on some *reasonable* distinction. *Utah Farm Bureau Ins. Co. v. Utah Ins. Guaranty Ass'n,* 564 P.2d 751, 754 (Utah 1977). Section 17–2–6(2) provides an exception to the general method by which a county may annex a portion of an adjoining county. *See* Utah Code Ann. § 17–2–6(1) (Supp.1998). The exception is for the annexation of a municipality that crosses county line whose boundary was originally defined by a body of water. *Id.* § 17–2–6(2). No exception is made for municipalities that cross county boundaries defined by other geographical features or for municipalities that cross artificially drawn county lines. The record discloses no rational basis for distinguishing municipalities that cross a county line whose boundary is a body of water from those whose boundaries are otherwise defined. Consequently, we agree with the district

court that section 17–2–6(2) is unconstitutional.

HOWE, C.J., and ZIMMERMAN and RUSSON, JJ., concur in Associate Chief Justice DURHAM's opinion.

STEWART, J., does not participate herein.